UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


GLORIA J. GEIGUS                              :
                                                            :
            v.                                      :            C.A. No. 14-490L
                                                            :
LT. RUSSELL HAYES, et. al.,             :


## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv
72(a)) are the Motions to Dismiss filed by Defendant Judge William Clifton (Document No. 5) and
Defendants Lt. Russell Hayes and Girard Galvin, Esq. (the "City Defendants") (Document No. 6).
Plaintiff Gloria J. Geigus did not file a timely objection to either Motion or seek any extension of
time to do so.  Thus, Defendants' Motions to Dismiss are both unopposed and may be summarily
granted as such.  After reviewing the memoranda and relevant legal research, I recommend that
Defendants' unopposed Motions to Dismiss be GRANTED.

            **Background**

Plaintiff initially filed the present action in Rhode Island District Court on July 21, 2014.
The City Defendants removed the action to this Court on November 7, 2014.  (Document No. 1).
In short, Plaintiff alleges she was the victim of assault and battery on January 30, 2011.
(Document No. 1-1 at p. 5).  After she was assaulted, she pressed charges and also obtained a no-
contact order and a restraining order against the assailant.  Id.  She contacted the Prosecutor for the
Newport Police Department, Russell Hayes, who told her that she did not have to testify in the

case. Id. at p. 6. Ms. Geigus asserts that the "trial" lasted about five months and that at the close of the five-month period, there was "no record on file." Id.

When she followed up with the Attorney General's Office, she learned that the case was "expunged" under Rhode Island District Court Rules of Criminal Procedure Rule 48A. Id. at pp. 6-8. The present Complaint stems from her dissatisfaction with the state court disposition of the charges against her assailant. She asserts that the disposition of the criminal matter was a violation of her "Freedom of Speech, Due Process by Law as The United States Constitution, Amendments, [I] and [XIV] states and the Constitution of the State of Rhode Island states, Section 2, 5, 23, constitutional deprivation or understand why this case was dismissed by the prosecutor under Rule 48A with regards to these misdemeanor offenses that were done to me by the perpetrator." (Document No. 1-2 at p. 3). Plaintiff asserts that, "I as the Victim of Crime did not receive the justice that I so righteously deserve for these crimes committed against me." Id. at p. 6. She asserts that her claims are brought pursuant to 42 U.S.C. § 1983 for violation of her rights secured under the First and Fourteenth Amendments. Ms. Geigus contends that Lt. Russell Hayes was the prosecutor for the Newport Police Department, that the City Prosecutor is Attorney Galvin and that the Judge in this matter was Judge Clifton. (Document No. 1-1 at pp. 6-8).

**A.     Dismissal Standard**

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state

a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1ˢᵗ Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1ˢᵗ Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1ˢᵗ Cir. 2010).

**B.    Discussion**

Defendants have moved to dismiss, arguing that they are absolutely immune from suit and that Plaintiff has not stated a viable claim under 42 U.S.C. § 1983 against any of the Defendants. This Court concurs with Defendants' arguments and recommends that their unopposed Motions to Dismiss be granted. Plaintiff's Complaint regarding Judge Clifton is frivolous and barred by the doctrine of judicial immunity. "A judge is absolutely immune from liability in civil actions arising out of the performance of judicial functions unless the judge's actions are taken in the 'clear absence of all jurisdiction.'" DeWitt v. Ventetoulo, 803 F. Supp. 580, 582 n.2 (D.R.I. 1992), quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978). Plaintiff claims she called the courthouse

to speak to Judge Clifton and that she later received a letter purportedly written by him that explained how a case can be dismissed under Rule 48A of the Rhode Island District Court Rules of Criminal Procedure. (Document No. 1-1 at ¶ 8, 14). Plaintiff's allegations only contain claims concerning actions taken by Judge Clifton in his official capacity as a state court judge. Thus, he is entitled to absolute judicial immunity in this action.

Further, Plaintiff's Complaint does not include any facts or legal theories which would support a viable claim against the City Defendants. Plaintiff's Complaint concerns her claimed injury as a result of the fact that criminal charges were dismissed without her consultation or the opportunity to address the Court. However, "[p]rosecutors...are absolutely immune for actions taken as advocates for the State, which are closely associated with the judicial process such as initiating and pursuing a criminal prosecution." Knowlton v. Shaw, 704 F.3d 1, 5 (1st Cir. 2013). In this case, the allegations in the Complaint all stem from the City Defendants' decision not to continue to prosecute the charges against the alleged assailant. The City Defendants are absolutely immune from such challenges to their prosecutorial decision-making.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' unopposed Motions to Dismiss (Documents No. 5 and 6) be GRANTED and that final judgment enter in favor of Defendants on all claims in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v.

Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d

603, 605 (1st Cir. 1980).


  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 4, 2015